IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLES N. TAYLOR**<br>1524 Nova Avenue<br>Capitol Heights, MD 20743<br><br>    **PLAINTIFF**<br><br>v.<br><br>**DC WATER**<br>5000 Overlook Avenue, S.W.<br>Washington, DC 20032<br><br>    **DEFENDANT** | Docket No. <u>1:15-cv-335</u><br><br>Jury Demand |

## VERIFIED CIVIL COMPLAINT

The Plaintiff, Charles N. Taylor, who resides at 1524 Nova Avenue, Capitol Heights, MD 20743, hereby files this Complaint against the Defendant, DC Water, and in support thereof states and sets forth the following:

### JURISDICTION

1. This lawsuit is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), which prohibits discrimination in employment on the basis of race, color, religion, sex or national origin, and the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 ("ADEA"), which prohibits discrimination in employment on the basis of age.

2. This lawsuit is also brought pursuant to the District of Columbia Human Rights Act, D.C. Code Ann. §§ 2-1401.01 -2-1411.06, which prohibits discrimination in employment on those bases and others.

3. On March 13, 2012, Mr. Taylor filed a complaint against the Defendant at the District of Columbia Office of Human Rights, alleging discrimination on the basis of race and age, and retaliation (Exhibit 1). Mr. Taylor was issued a right-to-sue letter dated December 4, 2014, which he received on Monday, December 8, 2014 (Exhibit 2).

4. This Court has jurisdiction over the subject matter of this action pursuant to Title VII and the ADEA, and pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Venue is proper in this Court because the Defendant, DC Water, maintains its principal place of business in the District of Columbia, and because the acts and omissions that constitute the basis for this Complaint were committed in the District of Columbia.

## PARTIES

6. The Plaintiff, Charles N. Taylor, is an African-American resident of the State of Maryland who resides, and resided at all times pertinent to this Complaint, at 1524 Nova Avenue, Capitol Heights, MD 20743.

7. The Defendant, DC Water, maintains its principal place of business, and did so at all times pertinent to this Complaint, at 5000 Overlook Avenue, S.W., Washington, DC 20032.

## CLAIMS

### First Claim
### Retaliation in Violation of Title VII and the DC Human Rights Act

8. In March 2001, the Plaintiff, Mr. Charles Taylor, was the name-plaintiff in a class-action lawsuit that alleged, among other things, that the Defendant (then known as "The District of Columbia Water and Sewer Authority") engaged in systematic racial discrimination against its African-American employees with respect to pay and promotions.[1] Although the case was filed in March 2001, it was not settled until August 2012.

9. Mr. Taylor has worked for DC Water (and its predecessor organization, the District of Columbia Water and Sewer Authority) since 1980. Prior to filing the class action against the Defendant, Mr. Taylor's disciplinary record was in no way unusual. He had been subjected to few, if any, disciplinary actions, and his performance reviews--when they were conducted--did not note any disciplinary or behavioral issues.

10. Since Mr. Taylor became the name-plaintiff in the class-action employment discrimination lawsuit against the Defendant in 2001, he has been subjected to an ongoing stream of disciplinary actions by the Defendant, the vast majority of which had little or no basis in fact, and to which none of the Defendant's other employees was subjected.

11. Since Mr. Taylor brought suit against the Defendant in 2001, the Defendant has disciplined, or attempted to discipline, Mr. Taylor for a multiplicity of alleged offenses and infractions, including: (1) cursing; (2) discourtesy towards the public; (3) assault and/or battery against a

---

[1] Charles Taylor et al. v District of Columbia Water and Sewer Authority, 1:01CV00561.

3

supervisor; and (4) sexual harassment, among others. The Defendant brought this unprecedented series of disciplinary actions, which were poorly supported or entirely unsupported by the facts and--in at least one instance--in direct contradiction to the facts, to intimidate and harass Mr. Taylor in retaliation for the exercise of his right to oppose the Defendant's unlawful racial discrimination.

12. None of the Defendant's other employees has ever been subjected to anything approaching the sheer number and scope of proposed disciplinary actions that Mr. Taylor has been subjected to since he became the name-plaintiff in the class action lawsuit against the Defendant.

13. In addition to the torrent of disciplinary actions, Mr. Taylor has been subjected to other and further negative action by the Defendant.

14. Mr. Taylor was physically assaulted by a supervisor. When the Defendant became aware of the assault, the Defendant suspended Mr. Taylor—who was the victim of the assault—but took no meaningful disciplinary action at all against the supervisor who assaulted him, even though it knew or should have known that the supervisor was the aggressor.

15. Mr. Taylor's supervisors have subjected him to demeaning treatment and language, and false accusations. In one instance, Mr. Taylor's supervisor closed a door and attempted to prevent Mr. Taylor from leaving an office, then called security and claimed that Mr. Taylor pushed him out of the way, potentially subjecting Mr. Taylor to discipline or termination, even though that claim was entirely and absolutely false.

16. The Defendant also conducted "fishing expositions," interrogating Mr. Taylor's co-workers, and in one instance even Mr. Taylor himself, in an attempt to unearth grounds for yet fu disciplinary actions against him.

17. The Defendant also relocated Mr. Taylor and his section to a work location in close proximity to a clarifier–an open tank in which waste water was treated. On information and belief, the purpose of that move, which endangered his health and that of his co-workers, was to further harass and intimidate Mr. Taylor.

18. Mr. Taylor's union has filed grievances on his behalf in opposition to each of the Defendant's proposed disciplinary actions. After its own review of each of those proposed disciplinary actions, the Defendant upheld every action and each proposed discipline. Thereafter, virtually all of the proposed disciplinary actions went to arbitration, pursuant to the Collective Bargaining Agreement between the Defendant and Mr. Taylor's union. In the vast majority of those arbitrations, the arbitrator held for Mr. Taylor and the union, and either dismissed or reduced the proposed discipline.

19. After the most recent arbitration decision, the Arbitrator ordered the Defendant to reinstate Mr. Taylor to his position immediately. The Defendant has refused to do so, depriving Mr. Taylor of any opportunity to advance his career.[2]

20. The Defendant's ongoing acts of retaliation against Mr. Taylor constitute a continuing violation of both Title VII and the District of Columbia Human Rights Act.

---

[2] Mr. Taylor remains on paid administrative leave.

21. The Defendant has purposefully instituted and maintained a campaign of intimidation-through-discipline against Mr. Taylor by subjecting him to numbers and types of disciplinary actions that far exceeded the experience of any of the Defendant's other employees.

22. The Defendant's campaign of intimidation and harassment against Mr. Taylor was and is calculated to dissuade and impede him from continuing to exercise his right to oppose the Defendant's unlawful racial discrimination in employment.

23. The Defendant's actions and omissions violated and violate Title VII and the District of Columbia Human Rights Act.

### Second Claim:
### Race and Age Discrimination in Violation of Title VII, the Age Discrimination in Employment Act, and the DC Human Rights Act

24. In August 2011, Mr. Taylor applied for a supervisory position (Survey Party Chief) with the Defendant. Mr. Taylor was over forty years of age at the time he applied for the position. Mr. Taylor was fully qualified for the position.

25. Approximately three months later, Mr. Taylor learned that the Defendant had hired a younger white male for the position.

26. The Defendant never notified Mr. Taylor that he had not been chosen for the position, why he was not chosen, or who had been chosen. In fact, the Defendant would not have interviewed Mr. Taylor for the position, even though he applied for it, had Mr. Taylor not learned from an employee in Human Resources that interviews for the position had already taken place. That employee insisted that Mr. Taylor be interviewed for the position.

27. The Defendant gave Mr. Taylor a <u>pro forma</u> interview but, upon information and belief, it had already decided to select the younger white male for the position. The Defendant never gave Mr. Taylor real consideration for the position, even though he was fully qualified for it, as it was required to do by law and by its own policies and procedures.

28. The Defendant's acts and omissions discriminated against Mr. Taylor on the basis of his race, in violation of Title VII and the District of Columbia Human Rights Act.

29. The Defendant's acts and omissions discriminated against Mr. Taylor on the basis of his age, in violation of the Age Discrimination in Employment Act and the District of Columbia Human Rights Act.

### Third Claim:
### Intentional or Negligent Infliction of Emotional Distress

30. The factual allegations set forth in Paragraphs 8-29, above, are hereby incorporated as if fully set forth herein.

31. Since he became the name-plaintiff in a class-action lawsuit against the Defendant, the Defendant has subjected Mr. Taylor to a sustained campaign of harassment and intimidation, including but not limited to physical assault, a plethora of trumped-up disciplinary actions, and a several-months-long suspension without pay.

32. The Defendant has further refused to comply with an arbitrator's order that it return Mr. Taylor to his position immediately.

33. The Defendant's acts and omissions, which were largely if not entirely unjustified, intentionally or negligently caused Mr. Taylor severe financial hardship, humiliation, embarrassment, and deep emotional distress.

## **RELIEF REQUESTED**

34. The Plaintiff, Mr. Charles N. Taylor, requests compensatory damages in the amount of $1,000,000.

35. The Plaintiff, Mr. Charles N. Taylor, requests punitive damages in the amount of $5,000.000.

36. The Plaintiff, Mr. Charles N. Taylor, requests that the Defendant be required and ordered to pay reasonable attorney's fees and expenses.

37. The Plaintiff, Mr. Charles N. Taylor, requests any other and further relief as the Court may find and determine to be just and appropriate.

## **JURY DEMAND**

38. The Plaintiff requests trial by jury.

Respectfully submitted,

*/s/ Alexander Hillery*
Alexander Hillery, II
LAW OFFICES OF ALEXANDER HILLERY, PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Bar ID: 980231
Email: aghillery@gmail.com
Phone: (202) 288-5139
Fax: (301) 877-5972

Dated: Washington, DC
March 6, 2015

# VERIFICATION

I, **Charles N. Taylor**, declare as follows:

I have read the foregoing <u>Verified Civil Complaint</u> and, except for matters stated on information and belief, the facts stated therein are true to my own knowledge, and as to those matters stated on information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this verification was executed this 6th day of March, 2015.

_____
Charles N. Taylor, Plaintiff